### BLEECKER *a.* CARROLL.

*Supreme Court, First District.   In Chambers, June,* 1855.

EXAMINATION OF PARTIES.—ATTENDANCE.—HOW ENFORCED.

A party to a suit cannot be compelled to be examined as a witness before trial, by
  service of an ordinary subpœna.
A summons must be issued by a Judge on a special application for the purpose.
Obedience to the summons should be enforced by a warrant to apprehend the
  witness, not by attachment.

Application for an attachment.

This application was for an attachment against the person
of the defendant, to compel him to answer for an alleged
contempt in not appearing to be examined previous to the
trial, in accordance with a summons served on him by the
plaintiff.   The facts sufficiently appear in the opinion.

ROOSEVELT, J.—The plaintiff asks for an attachment against
Mr. Carroll, one of the parties to the suit, on the ground of
his non-attendance to be examined as a witness, not at, but
before, the trial.   Mr. Carroll justifies himself for his apparent
default on the ground that he was neither duly summoned nor
sufficiently paid.   Although served with the subpœna in New
York, his residence, he says, was at Rockaway; and he was
entitled, therefore, to fees for that distance, at the rate of four
cents per mile each way, and fifty cents over—making, under
any calculation, more than the two dollars paid to him by the
plaintiff.

As to the process, it was in the form of a subpœna, whereas
the law, it is said, requires a summons.   Every subpœna is,
no doubt, in some sense a summons; but in the sense of the
Code it is not.   The Code provides that when a party is to be
examined " at any time before the trial," and declines to
attend of his own accord, he " may be compelled in the same
manner as a witness who is to be examined conditionally."
Now, the conditional examination of an ordinary witness—
that is, his examination to be used only in the event of his

inability to testify orally at the trial—is provided for by the Revised Statutes; and those statutes, as will presently be seen, do not admit of a common, formal subpœna in such cases. They require a special preliminary application, not to the clerk, but to a Judge, who, before making any order, must look into the " circumstances," and be " satisfied " that such examination, out of the usual course, before the trial, is necessary to the attainment of "justice between the parties."

But the order alone is not sufficient. That merely authorizes the examination. To compel attendance—that is, the attendance, not of the parties as parties, but of any person " as such witness"—the officer granting the order may issue " a summons for that purpose." Now, a summons, in a subsequent part of the statute, is defined to be a requisition " under the hand of the Judge or officer issuing the same ;" whereas, a subpœna, in the same article, is called " a writ under the seal of the court."

The mode of service in each case, although very similar, is also distinctly and separately prescribed. Disobedience, in the case of a subpœna, is denominated "a contempt of the court out of which it issued ;" to be punished, of course, by attachment; disobedience in the case of a summons has no such designation, and is to be followed by no such consequence, but by a warrant—the warrant of the officer—" his warrant," as the statute expresses it, " to apprehend such witness, and bring him before such Judge to be examined." (2 *Rev. Stats.*, 4 *ed.*, 646, § 59). The plaintiff, therefore, if now entitled to any process, is only entitled to a warrant such as the one described. He is not entitled to such a warrant, because the Judge has no authority to issue a warrant, unless the witness, whose failure to attend is complained of, has been " duly summoned," which Mr. Carroll, it is clear, has not been.

The order to show cause must be discharged.