By the Court.—Boardman, J.
The sole question in this case *153 is that of jurisdiction. Had the county judge jurisdiction to punish as for a contempt the disobedience of these subpoenas ? It is practically conceded, and is doubtless true, that he had no right to punish for disobeying the first subpoena, which was regularly issued from the supreme court, and tested in the name of one of its justices; it was a “contempt of the court out of which the subpoena issued,” that is, the supreme court (3 Rev. Stat., 5 ed., 683, § 57). Such was the view taken of the case by the county judge, and he rests his conviction upon the second subpoena, tested in his own name, treating it as an order; citing sections 295 and 296 of the Code as his authority. Section 295 says that witnesses may be required to appear, &c., in the same manner as upon the trial of an issue; and section 296, that the witness may be required to attend before the judge or before a referee, &o. The manner in which witnesses are required to attend upon the trial of an issue is not by an order of the judge, it is only by subpoena, except in peculiar cases specially provided for by law.
It seems to me clear that the Code by those sections provides for witness is being subpoenaed in the usual manner, with which the judge has nothing to do. I will not say that a judge may not order or summons a witness to appear before himself, or a referee, in these cases ; but if such a power is recognized by the Code, I do not think the second subpoena can be held to be such order or summons. It is not signed by the judge or issued by his direction or authority. (Code, § 400.) In all orders made out of court (as this would be), the judge signs the order. That is the only evidence of its validity.
But I do not think such an order one of those provided for in section 302. Ther'e are various kinds of orders that may be made by the 'judge or referee in these proceedings, to which this section properly applies, but there is nothing which satisfies me that an order or summons for a witness may be issued by the judge. If he has no such power, then he had no jurisdiction to adjudge these parties in contempt. If he had the power, I think he did not exercise it, and the same result consequently follows. (2 Abb. Pr., 82.).
I believe a subpoena is the true and proper process for procuring the attendance of witnesses; that it should issue out of *154 the court in which' the judgment is obtained; and that any disobedience of such subpoena should be tried and punished by the court out of which the subpoena issued. (19 How. Pr., 560, and cases cited; 3 Rev. Stat., 5 Ed., 849, § 1.)
The orders appealed from should be reversed with $10 costs in each case.